IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

THOMAS E. GALCZYNSKI                                                          PLAINTIFF

v.                              No. 3:15–CV–181-DPM–BD

CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration                                                DEFENDANT

## RECOMMENDED DISPOSITION

### Instructions

The following recommended disposition was prepared for U.S. District Judge D.P. Marshall Jr.  A party to this dispute may file written objections to this recommendation.  An objection must be specific and state the factual and/or legal basis for the objection.  An objection to a factual finding must identify the finding and the evidence supporting the objection.  Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1]  The objecting party must serve the opposing party with a copy of an objection.  Failing to object within 14 days waives the right to appeal questions of fact.[2]  If no objections are filed, Judge Marshall may adopt the recommended disposition without independently reviewing all of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

**Reasoning for Recommended Disposition**

Thomas Eugene Galczynski seeks judicial review of the denial of his application for social security disability benefits.[3] In the past, Mr. Galczynski worked as a spray technician for a manufacturer of bathroom fixtures.[4] He stopped working in February 2009 after injuring his arm.[5] In July 2012, he applied for disability benefits. He alleged disability beginning April 2009, but he did not base his claim on the arm injury.[6] Instead, he based his claim on anxiety, panic attacks, and depression. He later amended his alleged onset date to February 18, 2012.[7]

**The relevant time period.** This case considers whether Mr. Galczynski was disabled from February 18, 2012 — the amended onset date — to March 6, 2014 — the date of the challenged decision. The decision states an erroneous time period —

---

[3]SSA record at pp. 164 & 171 (applying on July 10, 2012 and alleging disability beginning Apr. 15, 2009).

[4]*Id*. at pp. 190 & 207-08. Mr. Galczynski reported in his application to proceed without paying costs that he works 33 hours/week, at a rate of $48/hour. Docket entry # 1.

[5]*Id*. at pp. 34, 189 & 432

[6]The record contains no evidence of an arm injury. The record contains diagnostic imaging of the right shoulder and right elbow. The imaging was negative. *Id*. at pp. 395-96.

[7]*Id*. at pp. 29-31.

April 15, 2009 — the original onset date — to March 6, 2014 — the date of the decision.[8] The mistake constitutes a scrivener's error that has no bearing on the result. The decision states the amended onset date.[9] The more important consideration is the date insured status expired — December 31, 2013. Mr. Galczynski must prove he was disabled before that date to obtain disability insurance benefits; the date plays no role in the application for supplemental security income.

**The Commissioner's decision**. The Commissioner's ALJ identified coronary artery disease (status post cardiac stent), irritable bowel syndrome, anxiety disorder, mood disorder, post traumatic stress disorder, and major depressive disorder — as severe impairments.[10] The ALJ determined that Mr. Galczynski could do some light work.[11] Because a vocational expert identified available work, the ALJ determined Mr. Galczynski was not disabled and denied the application.[12]

After the Commissioner's Appeals Council denied a request for review,[13] the

---

[8]*Id*. at p. 19 ("The claimant has not been under a disability … from April 15, 2009, through the date of ths decision ….").

[9]*Id*. at p. 8 ("At the hearing, the claimant through his representative moved to amend his onset of disability date to February 18, 2012.").

[10]*Id*. at p. 10.

[11]*Id*. at p. 13.

[12]*I*d. at pp. 18-19.

[13]*Id*. at p. 1.

decision became a final decision for judicial review.[14] Mr. Galczynski filed this case to challenge the decision.[15] The recommended disposition explains why the court should affirm the decision.

**Galczynski's allegations**. Mr. Galcyznski challenges the evaluation of his credibility. He argues that the ALJ ignored evidence favoring his application. He maintains that his treating physician's medical statement deserved more weight. He further argues that the hypothetical question omitted some of his limitations. For these reasons, he contends, substantial evidence does not support the decision.[16]

**Applicable legal principles**. In reviewing the denial of an application for disability benefits, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[17] For substantial evidence to exist, a

---

[14]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating, "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[15]Docket entry # 1.

[16]Docket entry # 9.

[17]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

reasonable mind must accept the evidence as adequate to show that Mr. Galczynski could do some light work.

"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."[18] The ALJ placed the following limitations on Mr. Galczynski's ability to perform light work:

(1) no contact with the general public,

(2) incidental interpersonal contact,

(3) one-to-two step tasks that can be learned and performed by rote,

(4) work involving few variables and little judgment,

(5) simple, direct, concrete supervision, and

(6) work at skill levels 1 and 2 that can be learned within 30 days.[19]

The court must determine whether a reasonable mind would accept the evidence as adequate to show that Mr. Galczynski could work with these limitations. A reasonable mind would accept the evidence as adequate for the following reasons:

> 1. **The arguments for judicial review rely on credibility**. One year after applying for disability benefits, Mr. Galczynski's physicians diagnosed a one-third blockage of the right coronary artery, then cleared the blockage

---

[18] 20 C.F.R. §§ 404.1567(b) & 416.967(b).

[19] SSA record at p. 13.

with a stent.[20] This history required a reduction to light work.[21] Mr. Galczynski does not quarrel with this aspect of the decision. Instead, he claims episodes of diarrhea and panic attacks are so frequent and unpredictable as to prevent him from doing any meaningful work on a sustained basis. Such symptoms have objective signs, but the only objective evidence of the alleged symptoms is Mr. Galczynski's statements. Because the statements are subjective, the evaluation of Mr. Galczynski's credibility is dispositive of the argument.

2. **The ALJ did not err in discounting Mr. Galczynski's credibility**. An ALJ must evaluate the claimant's credibility because subjective complaints play a role in determining the claimant's ability to work.[22] To evaluate Mr. Galczynski's credibility, the ALJ followed the required two-step process and considered the required factors,[23] so the dispositive question is whether substantial evidence supports the credibility evaluation.

The ALJ discounted Mr. Galczynski's credibility because "the medical evidence does not substantiate the claimant's subjective complaints" about the frequency and severity of his symptoms.[24] The ALJ relied on the mental diagnostic examiner's report in discounting allegations about panic attacks.[25] The examiner reported nothing suggesting an inability to cope with the typical mental and cognitive demands of work.[26] Mr. Galczynski demonstrated adequate communication, good attention and concentration, adequate persistence, and intact processing speed. He

---

[20]*Id.* at p. 501.

[21]*Id.* at p. 16.

[22]*Ellis v. Barnhart*, 392 F.3d 988, 995-96 (8th Cir. 2005).

[23]*See* SSR 96-7p, *Policy Interpretation Ruling Titles II & XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements*.

[24]SSA record at p. 16.

[25]*Id.*

[26]*Id.* at p. 436.

admitted that he had not pursued previously prescribed psychotherapy.[27] He stated that he did not like to be around groups of people.[28] The evidence provides a sufficient basis for discounting allegations about panic attacks.

The ALJ relied on the lack of medical evidence in discounting allegations about the frequency and unpredictability of diarrhea.[29] The record shows that Mr. Galczynski complained about abdominal pain and diarrhea periodically.[30] Diagnostic tests were negative.[31] A primary care provider prescribed medication to relieve symptoms.[32] Changes in medication and diet also helped alleviate symptoms.[33] No medical evidence suggests that his diarrhea was so severe or frequent as to prevent his ability to work.

The ALJ had a sufficient basis for discounting credibility. The ALJ's hypothetical shows that he credited some allegations. The ALJ credited allegations of problems with concentration by requiring one-to-two step tasks that can be learned and performed by rote. The ALJ credited allegations about anxiety around groups of people by requiring incidental interpersonal contact and excluding contact with the public. A reasonable mind would accept the evidence as sufficient to support the ALJ's determination.

3. **The treating physician statement flows from subjective statements**. After applying for disability benefits and undergoing the mental

---

[27]*Id.* at p. 431.

[28]*Id.* at p. 433.

[29]*Id.* at p. 16.

[30]*Id.* at pp. 404, 408, 413-14, 534 & 632.

[31]*Id.* at pp. 293 & 536.

[32]*Id.* at p. 417.

[33]*Id.* at pp. 557 & 562.

diagnostic exam, Mr. Galczynski sought mental health treatment.[34] After three visits, a psychiatrist completed a medical questionnaire, stating that Mr. Galczynski could work "an insubstantial amount of time or not on a continual basis"[35] due to mental symptoms. The ALJ gave the statement little weight because the medical record did not contain sufficient evidence to support the opinion.[36]

A treating physician's medical statement is entitled to controlling weight if it is well supported.[37] The psychiatrist's statement here lacks support, in substantial part, because treatment notes document subjective complaints, but record no observations that indicating that Mr. Galczynski was unable to work. Treatment notes from the first visit described Mr. Galczynski as anxious with poor short-term memory and concentration. According to the psychiatrist, Mr. Galczynski has "given up on the idea of being able to go back to work and is pretty bitter about the Worker's Comp process…."[38] Mr. Galczynski was untreated at this time. The psychiatrist prescribed medication and psychotherapy.

Treatment notes for the second visit indicate that Mr. Galczynski reported increased symptoms. The psychiatrist attributed the increase to catastrophic and repetitive thinking.[39] Mr. Galczynski appeared anxious and hyperactive. He was not attending psychotherapy. The psychiatrist adjusted prescribed medications and encouraged Mr. Galczynski to participate in psychotherapy.

Treatment notes for the third visit also indicate that Mr. Galczynski

---

[34]*Id*. at p. 548 (Jan. 2, 2013: mental health intake interview).

[35]*Id*. at p. 566.

[36]*Id*. at pp. 15-16.

[37]SSR 96-2p, *Pol'y Interpretation Ruling Titles II & XVI, Giving Controlling Weight to Treating Source Med. Opinions*.

[38]SSA record at p. 557.

[39]*Id*. at p. 560.

reported increased symptoms. The psychiatrist attributed the increase to tobacco withdrawal, reduction in caffeine intake, and medication changes related to the stent. He was hyperactive, moving about almost constantly, but his thinking was organized and oriented.[40] Mr. Galczynski was not attending psychotherapy. The psychiatrist emphasized the importance of psychotherapy in treating anxiety. The psychiatrist's recommendations indicate that Mr. Galczynski's anxiety and panic attacks could be controlled with treatment.[41]

The ALJ had a sufficient basis for giving the psychiatrist's statement little weight. Treatment records support limitations, but do not support a level of severity that would prevent all work. The most limiting statements in treatment notes are subjective statements. Those statements necessarily played a role in the reported limitation.

4. **Vocational evidence support the decision**. The ALJ placed many limitations on light work. Despite those limitations, a vocational expert identified available work meeting the ALJ's requirements: small products assembler and hand packer.[42] The jobs the vocational expert identified show that work existed that Mr. Galczynski could do regardless of whether such work existed where he lived, whether a job vacancy existed, or whether he would be hired if he applied for work.[43]

Mr. Galczynski complains because the ALJ did npt include all of his alleged symptoms in questioning the vocational expert, but his argument fails because the ALJ properly discounted Mr. Galczynski's credibility about the frequency and severity of symptoms. The ALJ's hypothetical question captured the concrete consequences of Mr. Galczynski's

---

[40]*Id*. at p. 562.

[41]*Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002) ("An impairment which can be controlled by treatment or medication is not considered disabling.").

[42]SSA record at p. 50.

[43]42 U.S.C. § 1382c(a)(3)(B).

9

impairments.[44]  Mr. Galczynski argues that the ALJ failed to consider evidence detracting from the decision, but the evidence detracting from the decision is subjective.

## Conclusion and Recommendation

A reasonable mind would accept the evidence in this record as adequate to support the ALJ's decision.  The ALJ made no harmful legal error.  For these reasons, the undersigned magistrate judge recommends DENYING Mr. Galczynski's request for relief (docket entry # 2) and AFFIRMING the Commissioner's decision.

Dated this 9th day of February, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

---

[44]*Lacroix v. Barnhart*, 465 F.3d 881, 889-90 (8th Cir. 2006) (hypothetical question should capture the concrete consequences of claimant's impairments).